UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MICHAEL HENRY LOTTO | : | CASE NO. 25-30311-AMN |
| | : | |
| Debtor | : | July 17, 2025 |

OBJECTION TO CONFIRMATION

Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") objects to the confirmation of the Chapter 13 Plan (ECF No. 12, "Plan") of the above-captioned Debtor(s) ("Debtor") for the following reason(s):

1. <u>The Debtor has failed to maintain plan payments</u>: Section 1326(a) of the Bankruptcy Code requires the Debtor to start making plan payments within 30 days of filing the plan or the case, whichever is earlier.  The Debtor filed this case on April 4, 2025 and a Plan (ECF No. 12) on April 18, 2025.  The Debtor should have paid a total of $10,279.02. To date, the Debtor is overdue in the amount of $10,279.02.  Given the failure to make payments, it appears that the Debtor will be unable to comply with 11 U.S.C. §1325(a)(6) by making all payments and complying with the Plan.  A Receipt Schedule is attached.

2. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate.  The Debtor has not provided:
    a. Monthly profit and loss statements with accompanying bank statements for the six months prior to filing and updated to the time of confirmation for the Debtor's business or self-employment;
    b. Payment advices or other evidence of income received for the six months prior to filing;
    c. Payment advices or other evidence of income received updated to the time of confirmation;
    d. The Debtor's federal and state tax income tax returns for the two years prior to filing;
    e. Bank statements for the six months prior to filing through the petition date;
    f. Bank statements showing the balance in the Debtor's account on the day this case was filed;
    g. Property valuation for real or personal property.

3. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>. Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee to allow her to perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has failed to provide:
   a. Property valuation for real property.

4. <u>The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code has not been</u> concluded because of the Debtor's failure to provide the documents listed above.

5. <u>The Plan does not conform to the claims filed</u>.

   a. The Plan states there are no unsecured non-priority claims. The Trustee calculates filed unsecured non-priority claims at $32,516.84.
   b. The Plan proposes curing the default in the loan payable to U.S. Bank National Trust by paying $190,000.00; according to Proof of Claim No. 11, the arrearage is $235,358.74.
   c. The Plan fails to provide for the payment of post petition charges of $350.00 associated with Proof of Claim No. 11 and set forth in ECF No. 18.

6. <u>The Plan's treatment of secured creditors violates Section 1325(a)(5) of the Bankruptcy Code</u>. The Plan provides for a lien to be deemed unsecured, but the Debtor has not filed a motion to determine status or avoid liens.

7. <u>The Plan notes in Section 4.1 the applicability of postpetition interest to the IRS's priority and general unsecured federal tax claims is 0%. The current rate is 7%.</u>

8. <u>The Plan fails to comply with 11 U.S.C. §1325(a)(4) and provide for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>. It appears that unsecured claims are entitled to 100% plus interest at the federal judgment rate in effect on the date of confirmation.

9. <u>The Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code.</u> The Debtor's excess income over expenses, according to Schedules I and J, is $2,740.92. A plan curing the mortgage arrearage alone would require a monthly payment of at least $4,358.50 over a period of 60 months.

Wherefore, the Trustee requests that Confirmation of the Plan be denied.

ROBERTA NAPOLITANO, TRUSTEE

By:/s/ *Denise M. Shear*
Denise M. Shear, Staff Attorney
Chapter 13 Standing Trustee
10 Columbus Blvd., 6th Floor
Hartford, CT 06106
Tel: (860) 278-9410
Email: dshear@ch13rn.com
Federal Bar No.: ct29960

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MICHAEL HENRY LOTTO | : CASE NO. 25-30311-AMN |
| | : |
| Debtor. | : July 17, 2025 |

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Objection to Confirmation

2. **Parties Served Via First Class Mail:**
    Debtor(s):
    MICHAEL HENRY LOTTO
    9 N BANK STREET
    NEW HAVEN, CT 06511-2519

3. **Parties Served Electronically Include:**
    Debtor's Attorney: MICHAEL J. HABIB, ESQ.
    Email: mike@inzitarilawoffice.com
    Office of the United States Trustee:
    Kim McCabe, Assistant United States Trustee
    ustpregion02.nh.ecf@usdoj.gov

/s/ Denise M. Shear
Denise M. Shear, Staff Attorney
Chapter 13 Standing Trustee
10 Columbus Blvd., 6th Floor
Hartford, CT 06106
Tel: (860) 278-9410
Email: dshear@ch13rn.com
Federal Bar No.: ct29960